# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Executive Air Taxi Corporation, | ) | |
| a North Dakota Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:04-cv-56 |
| | ) | |
| City of Bismarck, North Dakota, a | ) | |
| municipal corporation; Mark Fetch; | ) | |
| Dr. Steven J. Scherr, OnStar | ) | |
| Management Inc.; Timothy J. Thorsen, | ) | |
| Airport Operations Manager; Gregory | ) | |
| B. Haug, Airport Manager; Robert H. | ) | **MEMORANDUM AND ORDER** |
| Simmers, Simson Investment Company; | ) | |
| Bryce Hill, City Commissioner with | ) | |
| Airport Portfolio; William Sorenson, | ) | |
| Former Mayor; Cook Leasing, Inc.; | ) | |
| Michael Aarested, Aircraft Management | ) | |
| Services dba Aircraft Maintenance | ) | |
| Services; Alan Sauter; Capital Aviation; | ) | |
| William Wocken, City Administrator, | ) | |
| City of Bismarck, | ) | |
| | ) | |
| Defendants. | ) | |

_____

      Before the Court is the plaintiff's appeal of Magistrate Judge Klein's April 10, 2006, order addressing a number of discovery motions. Judge Klein issued her order after receiving briefing and holding a lengthy hearing on February 7, 2006. The Court has reviewed the entire file including the parties briefs, the original motions, and Judge Klein's order.

      A magistrate judge's nondispositive order may be set aside or modified if the district judge to whom the case is assigned finds the order to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court notes this case has had more than the usual number of discovery disputes. This is the second time an appeal has been made form one of Judge Klein's

orders addressing a discovery dispute.

Three objection's are made to Judge Klein's order.  The first is the denial of the Plaintiff's motion to further compel production of e-mail communications from Defendant city of Bismarck.  The Plaintiff seeks to use a special software retrieval program to access deleted information.  Judge Klein determined the request was not reasonable as the process would be highly invasive and expose confidential material.  The Court cannot say this ruling is not clearly erroneous or contrary to law.

The second objection relates to a subpoena the Plaintiff served on Starion Financial regarding financial information relating to several of the Defendants.  The Plaintiff argues that is entitled to the financial information it seeks so that it can present evidence of its damages to the jury.  The theory of damages being the Defendants profits are the Plaintiff's lost revenue.  Judge Klein rejected this argument as overly simplistic and failing to account for a great many variables in earning capacity.  She also noted confidentiality concerns and the protection of proprietary interests.[1]  The Court cannot say this ruling is not clearly erroneous or contrary to law.

The final objection concerns attempts to compel discovery of Defendant's Mark Fletch and Allen Sauter's log books and pilot records.  Judge Klein limited this discovery to the past four years only.  The Plaintiff argues the four year time frame is not sufficient to show the conspiracy it has alleged or prove damages for a continuing violation.  In addition the four year time frame encompasses two years during which this lawsuit has been pending and thus those

---

[1]The Defendants suggest it would be helpful if the Court would clarify whether Judge Klein's order regarding Starion Financial also applies to the subpoena served on the Stutsman County State Bank.  If clarification is necessary the Court will leave to Judge Klein to clarify this matter.

records are unlikely to be helpful.  Mr. Fetchr points out that he provided no services at the Bismarck Municipal airport prior to October of 2003.  The four year time limit is certainly adequate as to Mr. Fetch and the Court will not disturb it.

As to Mr. Sauter it appears he worked for the Plaintiff in 2000 and 2001 and did some contract work at the same time.  He left his job with the Plaintiff in late 2001 and began flying as in independent contractor.  At his deposition Mr Sauter testified as to doing contract and flight instructor work from 1998 through 2005.  This work was quite limited during his employment with the Plaintiff.  These records would appear to be relevant.  The Court will modify Judge Klein's order to allow for discovery of these records back to and including 1998.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2006

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court