# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Executive Air Taxi Corporation, a North Dakota Corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 1:04-cv-56 |
| City of Bismarck, North Dakota, a municipal corporation; Mark Fetch; Dr. Steven J. Scherr, OnStar Management Inc.; Timothy J. Thorsen, Airport Operations Manager; Gregory B. Haug, Airport Manager; Robert H. Simmers, Simson Investment Company; Bryce Hill, City Commissioner with Airport Portfolio; William Sorenson, Former Mayor; Cook Leasing, Inc.; Michael Aarested, Aircraft Management Services dba Aircraft Maintenance Services; Alan Sauter; Capital Aviation; William Wocken, City Administrator, City of Bismarck, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER ON COSTS** |
| Defendants. | ) ) | |

Before the Court are motions for taxation of costs filed by the Simmers defendants, Cook Leasing and the City of Bismarck. Plaintiff Executive Air Taxi Corporation (EATC) also seeks costs. The motions are made following the grant of summary judgment in favor of the defendants on the plaintiff's claims and in favor EATC on Bismarck's counterclaim. The facts of the case were detailed at length in the Court's orders granting summary judgment dated August 30, 2006, and will not be repeated here.

**I.     COSTS**

1

The taxation of costs is governed by Fed. R. Civ. P. 54, Local Rule 54.1 and 28 U.S.C. §§ 1920 and 1821.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides as follows:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.  Such costs may be taxed by the clerk on one day's notice.  On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

28 U.S.C. § 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The taxation of costs is a "normal incident of defeat" but trial courts have significant discretion in their award. Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir. 1982)(quoting Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)).

As a general rule, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal. In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (8th Cir. 1996).  "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court [of] its control over

those aspects of the case involved in the appeal." Liddell v. Board of Educ., 73 F.3d 819, 822 (8th Cir. 1996).

However, several exceptions exist to the general rule. It is well established that a district court retains jurisdiction over collateral matters, such as attorneys' fees and costs while an appeal is pending. Peters v. Jax, 187 F.3d 829, 833 n.2 (8th Cir. 1999) (citing Missouri v. Couer D'Alene Tribe, 164 F.3d 1102, 1107 n.3 (8th Cir. 1999)). A district court may also continue to assert jurisdiction where the court is supervising a continuing course of conduct between the parties. In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (9th Cir. 1996). Another well-established exception to the general rule of jurisdictional divestiture, is a district court's ability to retain jurisdiction to the extent necessary to enforce a judgment which has not been stayed. In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (9th Cir. 1996). It is thus clear that the Court retains jurisdiction to rule on collateral matters such as costs.

### A.   City of Bismarck

Bismarck has submitted a bill of costs totaling $25,820.65. In support of the request, Bismarck has submitted 51 pages of documentation substantiating the claimed costs. EATC has objected to a number items listed in Bismarck's bill of costs.

#### 1.   Service of Process

EATC has not objected to the taxing of costs for the services of process. Nevertheless, in order to be consistent and in adherence to Eighth Circuit precedent, the Court will not order such expenses to be taxed as costs.

While Marshal's fees are taxable as costs under 28 U.S.C. § 1920(1), no provision is made for the use of a special process server. The Eighth Circuit Court of Appeals has interpreted

this statute strictly. Crues v. KFC Corporation, 768 F.2d 230, 234 (8th Cir. 1985)(holding cost of special process server is not recoverable because 28 U.S.C. § 1920 makes no provision for such expenses). Some courts have given this statute a rather liberal reading since the Marshal's Service no longer regularly engages in the service of civil process. Although the equities may favor the taxation of special process server fees, the Court is bound by Crues until such time as the Eighth Circuit revisits the issue or Congress amends 28 U.S.C. § 1920. See Bunda v. Potter, 2006 WL 266513 (N.D. Iowa 2006)(giving a lengthy and scholarly review of this exact issue before concluding sheriffs' fees for service of process are not taxable).

### 2. Fees for Court Reporter

Court reporter and deposition expenses are recoverable as costs if the deposition was used at trial or was reasonably necessary. 28 U.S.C. § 1920(2); 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2676 (3d ed. 1998).

The Court has reviewed the documentation submitted by Bismarck in this regard and finds these claimed costs to be well supported. The claimed sum of $12,394.17 will be taxed as costs.

### 3. Attendance fees for Witnesses

Expert witnesses are entitled only to regular witness fees as controlled by statute. 10 Wright et al., supra, § 2678 at 477; Pinkham v. Camex, 84 F.3d 292, 295 (8th Cir. 1996). Witness fees are set by statute at $40 a day. 28 U.S.C. § 1821.

Bismarck requests fees for six witnesses totaling $3,401.05. The claimed fees for four of the witnesses are less than $40 and have not been objected to by EATC. These fees will be allowed as costs. As to John Kennedy, $941.34 is claimed and as to Gary Kitely $2,350.00 is

claimed. Kennedy and Kitely were both expert witnesses. Kennedy was an expert for Bismarck and Kitely for EATC. The deposition of Kennedy was taken by EATC and as such his witness fees should have been the responsibility of EATC. It does appear the parties had an agreement regarding the payment of expert expenses. The exact contours of this agreement are unknown to the Court although the general agreement appears to have been that each party would pay for ten hours of preparation time for actual deposition testimony for each party's respective experts. Side agreements regarding discovery expenses between litigants are fine but the Court will not be put in the position of enforcing such agreements other than to tax costs as allowed by statute. The Court has long held that the party who notices a deposition is responsible for paying the appropriate witness fees as allowed by 28 U.S.C. § 1821. If the party that noticed the deposition ultimately prevails those fees provided for by § 1821 may then be claimed as costs. The expenses related to Kitely's deposition have not been documented. The court will allow the $40 witness fee. The court will order $149.71 to be taxed as costs for attendance fees for witnesses.

    **4.    Exemplification Expenses**

Fees for photocopying expenses of papers "necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(4). Bismarck seeks to tax $9,767.27 for photocopy expenses it incurred in defending this action. Receipts have been submitted in support of the claimed expenses. EATC objects to a $1,242.32 charge for copies of invoices disclosed by EATC. EATC argues these invoices were used in prosecuting Bismarck's unsuccessful counterclaim. EATC further argues that some of the other claimed photocopying expenses were likely incurred in prosecuting the counterclaim as well. In the absence of further explanation by Bismarck the Court will disallow the $1,242.32 charge. The majority of the photocopying

expenses were undoubtedly related to defending against the EATC lawsuit which was clearly of greater scope and complexity than the counterclaim. It is likely impossible to entirely segregate the expenses incurred on the respective claims. Disallowing the $1,242.32 charge strikes an equitable balance. The Court will order $8,524.95 be taxed as costs for exemplification expenses.

**B.    EATC**

EATC has submitted a bill of costs in the amount of $9,510.00 for expenses it incurred in defending against Bismarck's counterclaim. EATC has not submitted any documentation in support of its claimed costs. Bismarck claims EATC was not a prevailing party as it did not prevail on its civil rights action. Bismarck also argues that the claimed costs are excessive and many of the charges are unrelated to the counterclaim or were incurred prior to the counterclaim being filed on October 3, 2005.

With regard to the issue of whether EATC qualifies as a prevailing party the Court is of the opinion that EATC is a prevailing party as to the counterclaim and is entitled to costs. Bismarck, of course, is also a prevailing party. Research shows there is no consistent method of handling situations where the defendant prevails as to the plaintiff's claim and the plaintiff prevails as to the defendant's counterclaim. See Thomas J. Goger, Annotation, Who is the "Successful Party" or "Prevailing Party" for Purposes of Awarding Costs Where Both Parties Prevail on Affirmative Claims, 66 A.L.R.3d. 1115 (2006). This situation is not terribly surprising given the high degree of discretion trial courts are given in the award of costs. The Court is persuaded by the approach that finds both parties are prevailing parties as it would seem the most equitable approach when both parties have been successful to some degree.

### 1. Fees for Court Reporter

The depositions of Callen Cermak, Paul Vetter, Elaine Hendrickson, and Bill Montgomery were taken prior to the filing of the counterclaim and will be disallowed for that reason. None of the experts in this case were used in conjunction with the counterclaim. For that reason the claimed deposition expenses related to John P. Kennedy, John Kevin Kennedy Gary Kiteley, and Leonard Sliwoski will not be allowed. Expenses in the lump amount of $603.50 are also claimed for the deposition of expert Alton Nitschke, Dennis Rohlfs, and Callen Cermak on July 13, 2006. As Nitschke was an expert witness for Bismarck on damages claimed by EATC in its civil rights lawsuit, this cost does not relate to the counterclaim. Bismarck argues it did not take the depositions of Rohlfs and Cermak on July 13, 2006, in relation to the counterclaim. These costs will not be allowed as EATC has failed to support them. The Court will allow the costs, $1,004.25, associated with the deposition of Greg Haug. Although Haug's deposition no doubt related to both the civil rights claim and the counterclaim the same can likely be said of some of the depositions upon which Bismarck has obtained costs.

### 2. Attendance fees for Witnesses

EATC has claimed $40 witness fees for John P. Kennedy, Gary Kiteley, Leonard Sliwoski, Alton Nitschke, and John Kevin Kennedy. John Kennedy, Kevin Kennedy, and Alton Nitschke were expert witnesses for Bismarck. John Kennedy and Kevin Kennedy were FAA and airport management experts. Nitschke was an economic expert. They did not render any opinions regarding the counterclaim. Kitely and Sliwoski were expert witnesses for EATC. Their expertise bore no relation to Bismarck's counterclaim for breach of contract. The claimed witness fees will be denied.

### 3. Exemplification Expenses

Those photocopying expenses incurred prior to the filing of the counterclaim will not be allowed as they obviously did not relate to the counterclaim. The other claimed copying costs will be allowed in the amount $577.65.

### C. Cook Leasing

Cook Leasing is requesting costs in the amount of $336.00. EATC has not responded to Cook Leasing's motion. In the absence of any objection, the motion will be granted and $336.00 in costs taxed in favor of Cook Leasing.

### D. Simmers Defendants

The Simmers Defendants are requesting costs in the amount of $1,434.55. EATC has not responded to the Simmers Defendant's motion. In the absence of any objection, the motion will be granted and $1,434.55 in costs taxed in favor of the Simmers Defendants.

## II. CONCLUSION

Accordingly, costs will be taxed as follows:

1. $21,068.83 in favor of the City of Bismarck and against Executive Air Taxi Corporation.

2. $1,581.90 in favor of Executive Air Taxi Corporation and against the City of Bismarck.

3. $336.00 in favor of Cook Leasing, Inc. and against Executive Air Taxi Corporation.

4. $1,434.55 in favor of Robert H. Simmers, Simson Investment Company, Michael Aarestad, and Aircraft Management Services and against Executive Air Taxi Corporation

**IT IS SO ORDERED**.

Dated this 7th day of November, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court