**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Executive Air Taxi Corporation, a North Dakota Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:04-cv-56 |
| City of Bismarck, North Dakota, a municipal corporation; Mark Fetch; Dr. Steven J. Scherr, OnStar Management Inc.; Timothy J. Thorsen, Airport Operations Manager; Gregory B. Haug, Airport Manager; Robert H. Simmers, Simson Investment Company; Bryce Hill, City Commissioner with Airport Portfolio; William Sorenson, Former Mayor; Cook Leasing, Inc.; Michael Aarested, Aircraft Management Services dba Aircraft Maintenance Services; Alan Sauter; Capital Aviation; William Wocken, City Administrator, City of Bismarck, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER ON ATTORNEYS' FEES** |
| Defendants. | ) | |

_____

Before the Court are four separate motion for attorneys' fees filed by filed by the Robert Simmers and Simson Investment Co., Michael Aarestad and Aircraft Management Services, Cook Leasing Inc., the City of Bismarck, and Allen Sauter, Mark Fetch, Steven Scherr, OnStar Management Inc., under 42 U.S.C. § 1988. The motions are made following the grant of summary judgment in favor of the defendants on the plaintiff's claims. The facts of the case were detailed at length in the Court's orders granting summary judgment dated August 30, 2006, and will not be repeated here.

1

**I.     ATTORNEYS' FEES**

EATC claimed a violation of 42 U.S.C. § 1983 in this case. The Court granted summary judgment dismissing EATC's claims on August 30, 2006. The defendants now seek attorneys' fees as prevailing parties under 42 U.S.C. § 1988. Bismarck seeks $117,003.00, the Simmers Defendants $54,483.00, Cook Leasing $23,400.00, Allen Sauter $10, 244.20, Mark Fetch $9,188.00, Steve Scherr and OnStar Management $5,657.90.

As a general rule, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal. In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (8th Cir. 1996). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court [of] its control over those aspects of the case involved in the appeal." Liddell v. Board of Educ., 73 F.3d 819, 822 (8th Cir. 1996).

However, several exceptions exist to the general rule. It is well established that a district court retains jurisdiction over collateral matters, such as attorneys' fees and costs while an appeal is pending. Peters v. Jax, 187 F.3d 829, 833 n.2 (8th Cir. 1999) (citing Missouri v. Couer D'Alene Tribe, 164 F.3d 1102, 1107 n.3 (8th Cir. 1999)). A district court may also continue to assert jurisdiction where the court is supervising a continuing course of conduct between the parties. In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (9th Cir. 1996). Another well-established exception to the general rule of jurisdictional divestiture, is a district court's ability to retain jurisdiction to the extent necessary to enforce a judgment which has not been stayed. In re Grand Jury Subpoenas Duces Tecum, 85 F.3d 372, 375 (9th Cir. 1996). It is thus clear that the Court retains jurisdiction to rule on collateral matters such as the award of attorneys' fees.

The Court was advised that a settlement had been reached and that the appeal would be dismissed, and that no further action needed to be taken on the remaining disputed issues over costs and attorneys' fees.  It now appears that plaintiff's counsel was overly optimistic in his assessment of the settlement posture of the file, and the Court has received some less than subtle hints that a ruling on the motions for attorneys' fee is due.

The general rule regarding attorneys' fees is that, absent legislation specifically providing otherwise, litigants must bear their own attorneys' fees. Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 415 (1978) (Title VII).  However, reasonable attorneys' fees are taxable as costs to the prevailing party in an action pursuant § 1983. 42 U.S.C. § 1988(b).  The standards concerning the award attorneys' fees in a Title VII case are equally applicable to awards under § 1988. Flowers v. Jefferson Hosp. Assoc., 49 F.3d 391, 392 n. 2 (8th Cir. 1995).  A prevailing plaintiff should ordinarily be awarded attorneys' fees. Christiansburg, 434 U.S. at 417.  Attorneys' fees are only available to a prevailing defendant if the plaintiff's claim was "frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." Flowers, 49 F.3d at 392 (quoting Christiansburg, 434 U.S. at 422).  A finding of subjective bad faith is not necessary. Christiansburg, 434 U.S. at 421.  In assessing whether to award attorneys' fees to a prevailing defendant, the trial court should not engage in post hoc reasoning concluding that because the plaintiff did not prevail the action was frivolous. Id. at 422.

The plaintiff had a long history of running disagreements with the City management of the Bismarck Municipal Airport.  In substance, objections were made to the City selling aviation fuel in direct competition to the plaintiff, and in connection with the sales, taking various steps to induce potential customers to buy from the City rather than the plaintiff.  The plaintiff was the fixed base operator, offering (and allegedly required to offer) a broad range of services in addition

3

to the fuel sales, such as aircraft repair and maintenance, charter service, flight instruction and other services generally provided by a fixed base operator.

The City leased ground space to various other defendants who offered one or two services, such as flight instruction and charter service, or avionics repair, or aircraft storage, but not the broad range of services required of the plaintiff. The plaintiff became convinced that City personnel were conspiring against his business with the other defendants, and that the other defendants were given preferential treatment in lease rates and terms or were not held to compliance with various rules and regulations.

To someone predisposed to find a conspiracy, some incidents were taken as proof. Analysis in context showed that the majority of the incidents were random and proof of nothing. (One of the defendants teen-aged child drove a vehicle on the tarmac without the proper identification signs and flags. The incident was reported, admonishment given, and never repeated.) (A lease to one defendant–at the same rate as to the plaintiff–was for an area upon which a concrete pad was located. The presence of the pad was alleged to be a preference. The reality was that the pad was not usable and was removed the next year at the defendant's expense.) (A defendant was possibly –actually probably is more accurate–running an aircraft charter service without proper FAA license. Plaintiff found tolerance of this to be proof of preferential treatment. In reality, the Airport has nothing to do with issuance or enforcement of this type of FAA license.)

The dispute between the plaintiff and City over the pricing structure of the fuel is a separate issue. The imposition of a surcharge on certain types of sales was required. The City countersued the plaintiff, claiming entitlement to funds which the plaintiff had not charged–in

theory obtaining a competitive advantage. Analysis showed that the city personnel were using the same criteria for the imposition of the surcharge as was the plaintiff. Neither fit the terms of the contract very well, but the sales were reported without objection. The Court granted summary judgment to the plaintiff on this contract issue.

### A. CITY OF BISMARCK

Bismarck has requested partial attorneys' fees in the amount of $117,003.00. Upon a thorough review of Bismarck's motion and EATC's response the Court cannot conclude that EATC"s claim against Bismarck was "frivolous, unreasonable, or groundless, or ... the plaintiff continued to litigate after it clearly became so." The $20,000,000 in claimed damages was clearly excessive. However, EATC's expert did calculate damages of $3, 219, 296 and this was certainly a substantial sum. EATC's foot dragging with regard to the disclosure of the terms of the sale of TJ Holding Company is worthy of censure but the Court is not convinced an award of attorneys' fees under 42 U.S.C. § 1988 is the appropriate remedy. As to the actual sale of TJ Holdings Company affecting the validity of the lawsuit the Court remains unconvinced. Bismarck's motion for attorneys' fees will be denied.

### B. PRIVATE PARTY DEFENDANTS

The private party defendants have all requested attorneys' fees in varying amounts. In the early stages of the case the Court denied the Rule 12 motions to dismiss that the defendants filed. At the summary judgment stage the Court denied Cook Leasing's motion for Rule 11 sanctions. One of the reasons these motions were denied was the court did not find the claims themselves were "frivolous, unreasonable, or groundless." Flowers, 49 F.3d at 392. There was an arguable theory for the claim, although the Court warned in denying the motions to dismiss that EATC would need to come forward with evidence to support its claims if it expected to survive summary

judgment. This, EATC failed to do. This failure was especially glaring with regard to the conspiracy charge against the private party defendants. In granting summary judgment the Court summarized the evidence of a conspiracy as follows:

> EATC has submitted no direct evidence that a conspiracy existed between the private party defendants and Bismarck to violate EATC's rights. Nothing cited by EATC as evidencing a conspiracy is out of the ordinary for a business competitor. The private party defendants and EATC are economic competitors, as are EATC and Bismarck. Competition is not illegal. Nor is it evidence of unlawful conspiracy. EATC's argument regarding a conspiracy amounts to nothing more than mere speculation.

EATC v. City of Bismarck et al., No. 1:04-cv-56, slip op. at 39 (D. N.D. Aug. 30, 2006)

There was simply no evidence of collusion or conspiracy between the private party defendants and Bismarck. That no evidence of conspiracy existed should have been clear to EATC at the close of discovery. It is clear to the Court that EATC continued to pursue its claim of conspiracy after it became obvious that the claim was groundless. A continuation of litigation after it becomes clear a claim is baseless is grounds for the award of attorneys' fees to a § 1983 defendant. Flowers, 49 F.3d at 392. Having so concluded, the Court will award reasonable attorneys' fees to the private party defendants for the cost of defending the lawsuit from roughly the close of discovery, June 30, 2006, and including the cost of making any summary judgment motions.

Robert Simmers, Simson Investment Co., Michael Aarestad and Aircraft Management Services were represented by Gary Wolberg and have requested $54,483.00 in attorneys' fees. Cook Leasing was represented by Clark Bormann and has requested $23,400.00 in attorneys' fees. Allen Sauter, Mark Fetch, Steve Scherr, and OnStar Management were all represented by John Sanstead. Allen Sauter has requested $10,244.20. Mark Fetch has requested $9,188.00. Steve Scherr and OnStar Management have requested $5,657.90.

Having reviewed the file and the billing records submitted by the parties, the Court finds a reasonable award of attorneys' fees for the work completed since the close of discovery to be $9,000.00 per attorney. This results in a total award of $27,000.00. The $9,000.00 awarded for the work of Mr. Sanstead will be split equally between Allen Sauter, Mark Fetch, and Steve Scherr and OnStar Management.

## II.   COSTS

Defendants Allen Sauter, Mark Fetch, and Steven Scherr and OnStar Management have included a request for costs in their motion for attorneys' fees. The Court did not address this request in its order awarding costs dated November 7, 2006, and will do so now. The billing records submitted substantiate the requests and no objection was made by Executive Air Taxi Corporation. Nearly all the costs requested relate to deposition expenses and photocopying charges. Those costs will be allowed. Mark Fetch has requested costs for $4.07 in long distance telephone calls. Such expenses are not properly recoverable as costs and will be disallowed. The Court will award costs to Allen Sauter of $324.02, to Mark Fetch of $348.23, and to Steven Scherr and OnStar Management of $194.65. These costs are in addition to those awarded previously to the other parties.

## III.   CONCLUSION

Accordingly, the City of Bismarck's motion for attorneys' fees (Docket No. 348) is **DENIED**. The motions for attorneys' fees filed by Robert Simmers, Simson Investment Co., Michael Aarestad and Aircraft Management Services (Docket No. 342), Cook Leasing Inc. (Docket No. 345), and Allen Sauter, Mark Fetch, Steven Scherr, and OnStar Management Inc. (Docket No. 351) are **GRANTED**.

Attorneys' fees will be taxed as follows and included in the Judgment:

1. $9,000.00 in favor of Cook Leasing, Inc. and against Executive Air Taxi Corporation.

2. $9,000.00 in favor of Robert H. Simmers, Simson Investment Company, Michael Aarestad, and Aircraft Management Services and against Executive Air Taxi Corporation.

3. $3,000.00 in favor of Allen Sauter and against Executive Air Taxi Corporation.

4. $3,000.00 in favor of Mark Fetch and against Executive Air Taxi Corporation.

5. $3,000.00 in favor of Steve Scherr and OnStar Management and against Executive Air Taxi Corporation.

Costs will be taxed as follows and included in the Judgment:

1. $324.02 in favor of Allen Sauter and against Executive Air Taxi Corporation.

2. $348.23 in favor of Mark Fetch and against Executive Air Taxi Corporation.

3. $194.65 in favor of Steve Scherr and OnStar Management and against Executive Air Taxi Corporation.

**IT IS SO ORDERED**.

Dated this 20th day of December, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court