**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Executive Air Taxi Corporation, | ) | |
| a North Dakota Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:04-cv-56 |
| | ) | |
| City of Bismarck, North Dakota, a | ) | |
| municipal corporation; Mark Fetch; | ) | |
| Dr. Steven J. Scherr, OnStar | ) | |
| Management Inc.; Timothy J. Thorsen, | ) | |
| Airport Operations Manager; Gregory | ) | |
| B. Haug, Airport Manager; Robert H. | ) | **ORDER GRANTING STAY OF** |
| Simmers, Simson Investment Company; | ) | **JUDGMENT PENDING APPEAL** |
| Bryce Hill, City Commissioner with | ) | |
| Airport Portfolio; William Sorenson, | ) | |
| Former Mayor; Cook Leasing, Inc.; | ) | |
| Michael Aarested, Aircraft Management | ) | |
| Services dba Aircraft Maintenance | ) | |
| Services; Alan Sauter; Capital Aviation; | ) | |
| William Wocken, City Administrator, | ) | |
| City of Bismarck, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is plaintiff Executive Air Taxi Corporation's (EATC) motion asking the Court to stay enforcement of the judgment pending outcome of EATC's appeal. The motion is made pursuant to Rule 62(d) of the Federal Rules of Civil Procedure and asks the Court to waive the requirement of a supersedeas bond. All the defendants oppose the motion.

**I.   BACKGROUND**

On August 30, 2006, the Court granted summary judgment in favor of the defendants. On that same day the Court granted summary judgment in favor of EATC on the City of

Bismarck's counterclaim. EATC appealed on September 29, 2006, and the City of Bismarck cross-appealed on October 11, 2006. The Court issued orders awarding costs and attorneys' fees on November 11, 2006, and December 20, 2006. The net amount of these awards is $49,124.38.

## II.     ANALYSIS

Rule 62(d) provides as follows:

(d) Stay Upon Appeal. When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Fed. R. Civ. P. 62(a). Rule 8(a)(1) of the Rules of Appellate Procedure is also instructive:

(a) Motion for Stay.
    (1) Initial Motion in the District Court. A party must ordinarily move first in the district court for the following relief:
        (A) a stay of the judgment or order of a district court pending appeal;
        (B) approval of a supersedeas bond; or
        (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.

Fed. R. App. Pro. 8(a)(1).

"The purpose of a supersedeas bond is to secure the appellee from loss resulting from the stay of execution." Fed. Prescription Serv., Inc. v. American Pharm., 636 F.2d 755, 761 (D.C. Cir. 1980). The general rule regarding a stay of judgment is that the district court will set a supersedeas bond amount equal to that of the judgment being appealed.. Adzick v. Unum life Ins. Co. of America, No. 99-808, 2003 U.S. Dist. WL 21011345 (D. Minn. April 15, 2003). However, the district Court also has the discretion to waive the bond requirement entirely or set a lower bond amount. Id. A number of factors may be considered in deciding whether to waive

the bond requirement: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the bond is so plain the cost of the bond would be a waste of money; and (5) whether the appellant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the appellant in an insecure position. Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988); Peterson v. United States, No. 99-651, 2000 U.S. Dist. WL 1909806 (D. Minn. Oct. 5, 2000).

      EATC argues that it has more than adequate resources to pay the judgment if its appeal is unsuccessful and for that reason a supersedeas bond should not be required. In the alternative, EATC suggests a bond of no more than $5,000.00 would be sufficient. The defendants argue EATC has not shown good cause and that if there is no question of EATC's ability to pay then EATC can afford to post a supersedeas bond in the full amount.

      The Court is fully satisfied as to the solvency of EATC. There is no reason to suspect there would be any delay on the part of EATC in paying the judgment should its appeal be unsuccessful. Requiring a bond would serve no purpose other than to require EATC to incur the expense of obtaining the bond. EATC is well able to afford the bond but that is no reason to force it to waste money.

### III.     CONCLUSION

Accordingly, EATC's motion for stay of judgment is **GRANTED** and the requirement of posting a supersedeas bond is **WAIVED** pending outcome of the appeal.

**IT IS SO ORDERED**.

Dated this 14th day of February, 2007.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court
